UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASON ALLEN EVANS,

      Plaintiff,

                                    CASE NO. 4:26-cv-10973
v.                                HONORABLE F. KAY BEHM

KEITH STERLY,

      Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    INTRODUCTION

Plaintiff Jason Allen Evans is a Michigan prisoner presently confined at the Parnall Correctional Facility in Jackson, Michigan.  He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff brings Fourth Amendment claims against Detective Keith Sterly related to an unlawful search and seizure of his home.  ECF No. 1.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action.  ECF No. 3.  For the reasons stated below, the Court dismisses the complaint without prejudice because the Fourth Amendment claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### II.    FACTS

The Complaint asserts that Plaintiff's Fourth Amendment rights were violated when Defendant Sterly unlawfully seized Plaintiff's property during a search of his home. ECF No. 1, PageID.1. As a result of the search and seizure, Plaintiff pleaded no contest to maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d) and two counts of possession of methamphetamine, Mich. Comp. Laws § 333.7403(2)(b)(i ) in the Otsego County Circuit Court. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/E8BC-AS9K. Plaintiff now claims that the search lacked probable cause. *Id*. at PageID.4. He brings a related state law claim for conversion. He seeks monetary relief.

## III.   LEGAL STANDARD

Plaintiff has been granted *in forma pauperis* status. ECF No. 3. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the

3

federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV.   DISCUSSION

Plaintiff's claims against Defendant Sterly are barred under *Heck* because the alleged illegal search and seizure of evidence calls into question the validity of his drug-related convictions in the state court.

In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486– 87. (footnote omitted).  "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Id*. at 486.  This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (A "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In this case, the search in question led to discovery of the drugs and the resulting charges.  In turn, Plaintiff pleaded no contest to the drug charges. "Courts have routinely found Fourth Amendment claims *Heck*-barred in similar circumstances where the seized evidence was essential to the plaintiff's conviction."  *Maxwell v. Fields*, No. 1:23-CV-319, 2023 WL 8284236, at *2 (W.D. Mich. Nov. 3, 2023); *see also Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (applying *Heck* bar to Fourth Amendment claim challenging a search that produced evidence essential to plaintiff's state-court conviction); *Fox v. Michigan State Police Dep't.*, 173 F. App'x 372, 377–378 (6th Cir. 2006) (same); *see also Poindexter v. Overton*, 110 F. App'x 646, 647 (6th Cir. 2004) (prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge*, 96 F. App'x 322 (6th Cir. 2004) (same).  Because Plaintiff's convictions have  not been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with these claims.

With respect to Plaintiff's remaining state-law claim for conversion, the Court declines to exercise jurisdiction over this claim because all federal claims have been dismissed.  *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming the district court's dismissal of the plaintiff's remaining state-law claims where there were no federal claims remaining).

Accordingly, Plaintiff's complaint for illegal search and seizure will be dismissed for failure to state a claim.

## V.    CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's complaint is subject to dismissal for failure to state a claim.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the civil rights complaint.  The Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3). This case is closed.

SO ORDERED.

Dated:  March 31, 2026                         s/F. Kay Behm
                                               F. Kay Behm
                                               United States District Judge

6