UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ALLEN EVANS,

         Plaintiff,

                                    CASE NO. 4:26-cv-10973
v.                                 HONORABLE F. KAY BEHM

KEITH STERLY,

         Defendant.

_____/

**OPINION AND ORDER GRANTING THE MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 7), VACATING JUDGMENT, AND REOPENING THE CASE**

Plaintiff Jason Allen Evans is a Michigan prisoner presently confined at the Parnall Correctional Facility in Jackson, Michigan.  In March 2026, Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Detective Sterly violated his Fourth Amendment rights by seizing certain items from his home under a search warrant.  On March 31, 2026, the Court entered an opinion and order dismissing the complaint without prejudice for failing to state a claim under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Now before the Court is Plaintiff's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e).  For the reasons discussed below, the Court **GRANTS** the motion and **VACATES** the judgment dismissing the case.

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Community Hospital, Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008) (additional quotation omitted)). Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016). Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

In the complaint, Plaintiff alleged that Defendant "unlawfully seized plaintiff's property during a search of plaintiff's home" on or about March 14, 2023. (ECF No. 1, PageID.1-2.) Plaintiff stated that search warrant was based on

the belief that he was "actively engaged in the criminal act of delivery of methamphetamine." (*Id*. at PageID.2).  Defendant Sterly seized over thirty items, including some items that were not specifically described by the warrant.  (*Id*. at PageID.4.)  Plaintiff alleged in the complaint that "there was no legal cause to justify the seizure of plaintiff's property." (*Id*.)  The Court construed this allegation broadly to mean that all items were seized without legal cause.

Under this interpretation of the complaint, Court concluded that Plaintiff's allegations regarding the legal cause of the search warrant were integral to his criminal convictions for maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d) and two counts of possession of methamphetamine, Mich. Comp. Laws § 333.7403(2)(b)(i).  Indeed, public State court records show that the police report, which included the details of the March 2023 search and seizure, formed the stipulated factual basis for Plaintiff's no-contest plea.[1]  *See* St. Ct. Reg. of Actions, 2023-0000006554-FH, Event 8/07/2024, (Otsego Cnty. Cir. Ct.).  The Court therefore concluded that Plaintiff's legal challenge to the warrant was barred

---

[1] To the extent Plaintiff argues that the Court erred by considering facts outside of the complaint, the Court may take judicial notice of Plaintiff's prior State court proceedings.  *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").  Additionally, public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  *See also Rubio v. City of Visalia*, No. 1:21-CV-00286-SAB, 2024 WL 919452, at *4 (E.D. Cal. Mar. 1, 2024) (taking judicial notice of police report because "the report formed the stipulated factual basis for Plaintiff's plea of a no contest and was a document filed in the State Court criminal action").

under *Heck* because "Fourth Amendment claims arising out of searches occurring prior to [a] Plaintiff's guilty plea and incarceration [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of [Plaintiff's] guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008). The Court dismissed the complaint on this basis.

In his motion, Plaintiff argues that the Court mischaracterized his complaint as challenging the legality of the warrant. He now clarifies that he intended to allege that only *certain* items were seized *outside the scope of the warrant*. (ECF No. 7, PageID.28.) Specifically, he contends that Defendant wrongfully seized: shaped aluminum blocks, a drill template and various drill bits, and mills and hardware used for machining metal. (*Id.*)

The Court finds that reopening case will prevent a manifest injustice because determining whether the contested items were seized outside the scope of the warrant would not necessarily imply the invalidity of Plaintiff's convictions. Based on the complaint and judicially noticeable material before the Court, there is nothing that suggests the contested items played an apparent role in Plaintiff's drug-related convictions. *Howard v. Onion*, No. 21-3515, 2022 WL 2065950, at *2 (6th Cir. May 17, 2022) (reversing the district court's dismissal of Plaintiff's Fourth Amendment claims under *Heck* when "nothing in [Plaintiff's] complaint or

4

the judicially noticeable material suggest[ed] that the [seized items] . . . played any role in his convictions . . . or otherwise necessarily impl[ied] the invalidity of his convictions"). The Court determines that the case may be re-opened on this basis.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 7) and **VACATES** the judgment dismissing the case without prejudice. The case will be reopened and reinstated to the Court's active docket. A separate order directing service will follow.

**SO ORDERED**.


Dated:  June 26, 2026                           s/F. Kay Behm
                                                F. Kay Behm
                                                United States District Judge